Lisa **MURRAY**, Plaintiff,

v.

**COUNTY OF SUFFOLK,**
et al., Defendants.

No. CV 01–3118(TCP)(ETB).

United States District Court,
E.D. New York.

Dec. 20, 2002.

Arthur V. Graseck, Jr., Islip Terrace, NY, for Plaintiff.

Gary W. Gramer & Associates, by Gary W. Gramer, Lake Grove, NY, for Plaintiff.

County of Suffolk, by Richard T. Dunne, Hauppauge, NY, for Defendants.

*ORDER*

BOYLE, United States Magistrate Judge.

By letter motion, dated December 6, 2002, the County of Suffolk requests a protective

order, pursuant to Rule 26(c), Fed.R.Civ.P., to preclude the deposition demanded by the plaintiff of John G. Gallagher, the Suffolk County Police Commissioner.

The action which gives rise to this issue is filed, pursuant to 42 U.S.C. § 1983, seeking damages against the County, and the individually named Suffolk County police personnel, for alleged sexual misconduct by the individual officer when the plaintiff went to the Sixth Precinct in Coram, New York, as a witness/complainant.

The plaintiff, in general terms, seeks the deposition of Commissioner Gallagher as the ultimate policymaker on *Monell* issues relating to the Suffolk County Police Department. The County points out that the plaintiff has noticed for deposition eight (8) other police personnel—whose rank ranges from Inspector to police officer. The plaintiff does not maintain that Commissioner Gallagher had any personal involvement in any of the events involved in this action.

For reasons that are not addressed, the County has failed to follow the procedure set forth at Local Civil Rule 30.5. As therein provided, "a governmental official ... served with a notice of deposition or subpoena regarding a matter about which he or she has no knowledge ... may submit reasonably before the date noticed for the deposition an affidavit to the noticing party so stating and identifying a person within the ... government entity having knowledge of the subject matter involved in the pending action." *Id.* This provision is not mandatory. Instead, the County filed the within request for a protective order, as authorized under Rule 26(c), Fed.R.Civ.P., and as recognized by subdiv. (b) of Local Civil Rule 30.5 ("The noticing party may notwithstanding such affidavit of the noticed witness proceed with the deposition, subject to the witness's right to seek a protective order.") Local Civil Rule 30.5(b), Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## DISCUSSION

Depositions of high-level corporate executives may be duplicative, cumulative and burdensome where the person sought to be de-posed has no personal knowledge of the events in dispute. *See Baine v. General Motors Corp.,* 141 F.R.D. 332, 333–35 (M.D.Ala.1991) (denying the plaintiff's request to depose a corporate vice president who lacked unique personal knowledge of the issues). The same reasoning applies to high government officials. *See Marisol A. v. Giuliani,* No. 95 Civ. 10533(RJW), 1998 WL 132810 *2 (S.D.N.Y. May 23, 1998) ("a protective order and quashing a deposition is the exception rather than the rule, however the burden a deposition would place on a high ranking government official must be given special scrutiny.") Depositions of high-ranking government officials are generally not permitted except upon proof that "(1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." *Id.*

In this action, while the court has not been provided with an affidavit by Commissioner Gallagher as to the absence of any personal knowledge in connection with this case, the plaintiff does not appear to claim any such knowledge. Plaintiff seeks the deposition of the Commissioner because "he is the ultimate individual in care of departmental policy." *See* correspondence of plaintiff's counsel, dated December 18, 2002 at 1. From this, plaintiff argues that "he is the only witness who can answer questions in reference to unwritten custom or policies, or the deliberate indifference of the department in treatment of criminal claims, against sex offending Police Officers." *Id.* at 2. In support of this contention, plaintiff's counsel annexes at Exhibit A a "Departmental General Order" addressing Command Duties and Responsibilities issued by the "Chief of Department," who was then Joseph L. Monteith, and an order from the Commissioner setting forth the procedure for handling civilian complaints. Annexed as Exhibit B to plaintiff's letter motion is a letter written by the Commissioner, dated January 31, 2000, addressed to the Superintendent of Schools of the "William Floyd UFSD Mastics" District requesting assistance from the school authorities in

enforcing restrictions placed on the operation of motor vehicles by high school age operators holding a learner's permit or junior license. Plaintiff's counsel argues from this that it indicates "direct control over Precinct Commanding Officers to target special areas of laws to enforce." Letter motion of plaintiff's counsel, dated December 18, 2002 at 2. One need only refer to the "Command Duties and Responsibilities" annexed at Exhibit A, to ascertain that the Commissioner has such duties and responsibilities, i.e. "has jurisdiction and control over 'disposition' of the 'Police Force.'" Other similar provisions appear in the Suffolk County Charter.

Plaintiff annexes as Exhibit C what purports to be an Associated Press article, dated September 23, 2002, describing an investigation of Suffolk County police officers on drug charges wherein Commissioner Gallagher requested assistance from the New York City Police Department Internal Affairs Bureau to conduct the undercover investigation of the Suffolk officers that led to the arrests. The New York City Police Department reportedly was brought in to minimize recognition by those targeted for investigation by the assigned undercover police personnel. One need not look to this article, however, to know that the Commissioner has the "jurisdiction and control" over "discipline of the Police Department, the Police Force, and the members thereof." *See* Exhibit A at "Command Duties and Responsibilities."

In short, there is nothing in the plaintiff's application that warrants the conclusion that the information sought from Commissioner Gallagher is not available from other sources in the Suffolk County Police Department, i.e. the eight (8) scheduled depositions of police personnel in this action.

The County has made an adequate showing of good cause. Accordingly, the motion for a protective order is granted, and the plaintiff's subpoena and deposition notice related to Commissioner Gallagher are hereby quashed.

SO ORDERED.